KOLLER LAW LLC
David M. Koller, Esquire (90119)      *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215) 545-8917
(215) 575-0826 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CASHAE PALMER** <br> 6328 Glenloch Road <br> Philadelphia, PA 19135 <br> **Plaintiff,** <br> <br> v. <br> <br> **COMPASSUS d/b/a LIFE CHOICE HOSPICE** <br> 200 Dryden Road, Suite 300 <br> Dresher, PA 19025 <br> **Defendant.** | **Civil Action No.** <br> <br> **Hon.** <br> <br> **Complaint and Jury Demand** |

## COMPLAINT

Plaintiff, Cashae Palmer, by and through her counsel, Koller Law LLC, avers the following:

### INTRODUCTORY STATEMENT

Plaintiff, Cashae Palmer (hereinafter referred to as "Plaintiff"), files this Complaint naming Defendant, Compassus d/b/a Life Choice Hospice (hereinafter referred to as "Defendant") as the Defendant. Plaintiff alleges that Defendant, by and through its managers, supervisors, agents, and employees, engaged in a pattern and practice of unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

### JURISDICTION AND VENUE

1. Plaintiffs incorporate the foregoing paragraphs by reference herein as if the same were set

forth at length.

2. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1346(a)(2) because it is a civil action.

4. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. Plaintiff incorporates the foregoing paragraphs by reference herein as if the same were set forth at length.

7. Plaintiff is an adult individual who is domiciled in Pennsylvania at the aforementioned address.

8. Defendant is a hospice center that is located at 200 Dryden Road, Suite 330, Dresher, Pennsylvania 19025, and is a corporate entity of Compassus which has its headquarters

located at 10 Cadillac Drive, Suite 400, Brentwood, TN 37027.

9. At all times relevant hereto, Defendant employed Plaintiff as a Certified Nursing Assistant ("CNA").

10. At all times relevant, Defendant adopted, agreed, acquiesced, and otherwise accepted and was bound by the actions and omissions of its employees, officers, and agents.

11. At all times relevant, Defendant employed more than fifteen (15) employees.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. Plaintiffs incorporate the foregoing paragraphs by reference herein as if the same were set forth at length.

13. Plaintiff exhausted her administrative remedies under Title VII and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or about March 11, 2016, Plaintiff filed a timely written Charge of Discrimination "(Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination, sexual harassment, and retaliation in violation of Title VII against Defendant. A true and correct copy of this Charge is attached hereto as Exhibit "A".

15. The Charge was assigned a Charge Number of 530-2016-01939 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC"). See Ex. A.

16. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue") dated September 1, 2016. A true and correct copy of this Right to Sue is attached hereto as Exhibit "B".

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sue letter.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff has exhausted her administrative remedies as to the allegations of the Complaint.

## FACTS

20. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

### DEFENDANT HIRED PLAINTIFF ON APRIL 15, 2014

21. On or around April 15, 2014, Defendant hired Plaintiff as a Certified Nursing Assistant ("CNA").

22. Plaintiff was well qualified for this position and performed well.

23. Approximately one (1) year into Plaintiff's employment, she was assigned to a patient, RV.

24. Winston LNU, CNA, was also assigned to RV and worked together with Plaintiff.

### CO-WORKER WINSTON SEXUALLY HARASSED PLAINTIFF

25. Upon working together, Winston immediately began to sexually harass Plaintiff.

26. Winston made sexually inappropriate comments about Plaintiff's appearance and frequently asked Plaintiff out on dates.

27. Plaintiff rejected Winston's sexual advances.

28. Plaintiff complained to her female CNA coworkers about Winston's inappropriate behavior and was informed, "that's Winston."

29. In or around the summer of 2015, Winston instructed RV to grab Plaintiff's buttocks.

30. RV refused to do so.

31. In or around the end of the summer of 2015, Winston grabbed Plaintiff by the waist, informed her that she was "getting thick", and attempted to kiss her.

32. Plaintiff rejected Winston's sexual advances.

4

33. Winston did not cease sexually harassing Plaintiff, despite her explicit requests for him to stop.

## **PLAINTIFF REPORTED THE SEXUAL HARASSMENT TO DEFENDANT IN NOVEMBER OF 2015**

34. In or around the middle of November 2015, Plaintiff verbally complained about Winston's sexual harassment to her Nurse Manager, Patricia Platez.

35. Ms. Platez took no action.

36. Approximately one (1) week later, Plaintiff again verbally complained to Ms. Platez about Winston's sexual harassment.

37. Ms. Platez informed Plaintiff that she would contact her supervisor, Managing Clinical Director, Rosemarie Poole, to find out what to do next.

38. The following day after the second complaint, Plaintiff was assigned a different patient and was forbidden from going on the same floor as RV and Winston.

39. However, Plaintiff and Winston were still assigned the same shift, 7 am to 3 pm.

## **ON DECEMBER 4, 2015, PLAINTIFF SUBMITTED A WRITTEN STATEMENT ABOUT THE SEXUAL HARASSMENT**

40. On December 4, 2015, Plaintiff met with Ms. Poole and filled out a harassment questionnaire concerning Winston's sexual harassment.

41. On December 7, 2015, Plaintiff met with Ms. Poole again to write her personal statement concerning Winston's sexual harassment.

42. Ms. Poole left Plaintiff alone in the room to write her statement and upon her return several minutes later, asked Plaintiff, "You're still writing? What are you writing so much stuff for?"

43. Plaintiff felt that Ms. Poole was making her rush writing her personal statement and was

not taking her complaint of sexual harassment seriously.

## **DEFENDANT DID NOT ADEQUATELY AND TIMELY ADDRESS PLAINTIFF'S COMPLAINTS**

44. Upon information and belief, Defendant took no action into Plaintiff's complaint of sexual harassment.

45. Upon information and belief, Winston was not disciplined for sexually harassing Plaintiff.

## **DEFENDANT TERMINATED PLAINTIFF ON DECEMBER 29, 2015**

46. On December 23, 2015, Kathy Hordell, Director of Clinical Services, called Plaintiff requesting a meeting the next day, December 24, 2015.

47. Plaintiff was not able to meet with Ms. Hordell as she was not scheduled to work that day.

48. On December 29, 2015, Ms. Hordell instructed Plaintiff to meet with her at the conclusion of Plaintiff's shift.

49. During their meeting, Ms. Hordell informed Plaintiff that she was being terminated for leaving 15 minutes before her scheduled clock-out time.

50. This is a common practice at Defendant among CNAs and nurses who are not disciplined or terminated.

51. Plaintiff had no previous disciplinary issues during her employment with Defendant.

52. Defendant's reason for terminating Plaintiff was retaliatory.

53. Based upon the foregoing, Plaintiff was sexually harassed in violation of Title VII and Defendant not only did not properly address Plaintiff's complaint of sexual harassment but, also terminated her in retaliation for complaining about sexual harassment in the work place.

## COUNT I – GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff incorporates by the preceding paragraphs as if set forth more fully at length herein.

55. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

56. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## COUNT II – GENDER DISCRIMINATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a member of a protected class in that she is female.

59. Plaintiff was qualified to perform the job for which she was hired: Certified Nursing Assistant.

60. Defendant sexually harassed Plaintiff.

61. Defendant discriminated against Plaintiff on the basis of her gender.

62. Defendant created a hostile work environment in violation of the law.

63. Plaintiff suffered adverse job actions, including, but not limited to, termination.

64. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

7

65. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

66. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

67. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

68. Plaintiff incorporates by the preceding paragraphs as if set forth more fully at length herein.

69. The foregoing conduct created a sexually hostile work environment for Plaintiff.

70. Plaintiff suffered intentional discrimination because of her sex.

71. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

72. The harasser was Winston, who was Plaintiff's coworker.

73. The discrimination detrimentally affected Plaintiff.

74. Plaintiff suffered tangible employment actions as alleged herein.

75. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

76. Defendant knew or reasonably should have known of the sexual harassment.

77. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior or Winston.

78. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

79. Defendant is not entitled to an affirmative defense.

**WHEREFORE,** Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## COUNT IV – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

80. Plaintiff incorporates by the preceding paragraphs as if set forth more fully at length herein.

81. The foregoing conduct created a sexually hostile work environment for Plaintiff.

82. Plaintiff suffered intentional discrimination because of her sex.

83. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

84. The harasser was Winston, who was Plaintiff's coworker.

85. The discrimination detrimentally affected Plaintiff.

86. Plaintiff suffered tangible employment actions as alleged herein.

87. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

88. Defendant knew or reasonably should have known of the sexual harassment.

89. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior or Winston.

90. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

91. Defendant is not entitled to an affirmative defense.

**WHEREFORE,** Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

92. Plaintiff incorporates by the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff engaged in activity protected by Title VII when she complained to her supervisor about Winston's sexual harassment and hostile work environment.

94. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

95. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## COUNT VI – RETALIATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

96. Plaintiff incorporates by the preceding paragraphs as if set forth more fully at length herein.

97. Plaintiff engaged in activity protected by the PHRA when she complained to her supervisor about Winston's sexual harassment and hostile work environment.

98. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

99. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff, Cashae Palmer, requests that the Court grant her relief against Defendant, Compassus d/b/a Life Choice Hospice as set forth in the Prayer for Relief clause, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief against Defendant, including:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend

and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for his adverse actions, disciplines, and failure to promote; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Date: December 2, 2016

RESPECTFULLY SUBMITTED,
KOLLER LAW, LLC

By /s/ David M. Koller
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
*Counsel for Plaintiff*